**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

No. 96-60313
Summary Calendar

_____

DON A. SAULTERS, Individually and
CLEARWATER DEVELOPMENT CORPORATION,

Plaintiffs-Appellants,

VERSUS

JACK CARSON, JR., AND
AMERICAN MOLDED STRUCTURES, INC.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Mississippi
(2:96-CV-45-B-A)

_____

November 21, 1996

Before REYNALDO G. GARZA, HIGGINBOTHAM, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

This action arises out of a failed business venture between the plaintiff/appellant, Don A.

Saulters ("Saulters"), and the defendant/appellee, Jack Carson, Jr. ("Carson"), to develop and market

a new type of personalized sports watercraft. After the initial deterioration, Carson later began to

develop and market a similar craft and the two one-time business associates became competitors.

---

[*] Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to this Rule, the Court has determined that this opinion should not be published.

Saulters and his company brought suit against Carson and his company claiming trademark infringement, unfair competition, and misappropriation of trade secrets. Saulters then moved for a preliminary injunction to enjoin the defendants from marketing their watercraft and to prevent them from using their trademark, OCEAN VU. The district court denied this motion for a preliminary injunction and the plaintiffs timely appealed this decision.

A preliminary injunction is an extraordinary remedy that should not be granted unless the movant has demonstrated by a clear showing: (1) a substantial likelihood of prevailing on the merits; (2) a substantial threat of irreparable harm if the injunction is not granted; (3) that the threatened injury outweighs any harm that may result from the injunction to the nonmovant; and (4) that the injunction will not undermine public interests. *Roho, Inc. v. Marquis*, 902 F.2d 356, 358 (5th Cir. 1990).

## I. Prevailing on the merits

A. Trademark infringement

A certificate of trademark registration establishes a rebuttable presumption of the validity of the mark, the registrant's ownership of the mark, and the registrant's right to use the mark in commerce. 15 U.S.C. § 1057(b). However, a condition precedent to any trademark claim is that the mark be used in commerce. *See* 15 U.S.C. § 1051. There is questionable evidence as to whether SEA VU's trademark has ever been used in commerce.

Nevertheless, assuming *arguendo* that Saulters has enforceable trademark rights, to prove a claim of trademark infringement, the plaintiffs must show that the defendants' use of OCEAN VU is likely to cause confusion in the minds of potential renters as to "source, affiliation, or sponsorship" of SEA VU. *Oreck Corp. v. U.S. Floor Systems, Inc.*, 803 F.2d 166, 170 (5th Cir. 1986), *cert.*

*denied,* 481 U.S. 1069 (1987).  We have identified seven factors that are relevant to the question of likelihood of confusion: the strength of the trademark at issue; similarity of design between the marks; similarity of products; identity of retail outlets and purchasers; similarity of advertising media utilized; defendant's intent; and actual confusion.  *Id.*

Here, no confusion of any kind is present for two reasons.  First, since SEA VU is not in production, it would be purely conjectural at this point to hold that likelihood of confusion can be proven at some time in the future.  Second, a comparison of the two trademarks shows distinct differences.  Thus, plaintiffs have failed to adequately prove a trademark infringement claim.

B. Misappropriation of trade secrets

Under Mississippi law, a "trade secret" is defined as

information, including a formula, pattern, compilation, program, device, method, technique, or process, that: (i) derives independent economic value, actual or potential, from not being **generally known** to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use, and (ii) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy. Miss. Code. Ann. § 75-26-3(d) (1990).

After reviewing the record, it is evident that OCEAN VU and SEA VU concept is one that is generally known to the public.  This broad idea is currently available to the public in other similar vessels.  Since this idea is not novel and is embodied in other vessels, the idea of a motorized personal watercraft cannot be a trade secret.  Consequently, it is impossible for the plaintiffs to establish a claim for misappropriation of trade secrets.

Accordingly, for the foregoing reasons, we find that the lower court's decision should be AFFIRMED.